IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00223-WDM-~~PAC~~ CBS

MARLA A. SEWELL, individually and as parent and next friend of Brooke Sewell, a minor, and
BROOKE SEWELL,

Plaintiffs,

v.

GREAT NORTHERN INSURANCE COMPANY, a foreign insurance corporation;
HAYS COMPANIES, a Colorado corporation; and
PROFESSIONAL LINES INSURANCE BROKERAGE, INC., a Colorado corporation,

Defendants.

---

## ~~[PROPOSED]~~ PROTECTIVE ORDER

---

**THE COURT,** having received and reviewed the parties' Stipulated Motion for Protective
Order, hereby grants the Stipulated Motion for Protective Order as follows:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential
Information (as defined in paragraph 2 below).   The Parties anticipate that additional
Confidential Information may be sought during discovery and that there will be questioning
concerning Confidential Information in the course of depositions.   The Parties assert that
disclosure of such information outside the scope of this litigation could result in significant
injury to one or more of the Parties' business or privacy interests.  The Parties have entered into
this Stipulation and request the Court enter a Protective Order for the purpose of preventing the
disclosure and use of Confidential Information except as set forth herein.

2.     "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information including, but not limited to:

      a.     The Sales Agreement between Hayes and PLI; and

      b.     Internal insurance documents and information maintained by Great Northern.

3.     Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.     By imprinting the word "Confidential" or "Confidential – Attorneys' Eye Only" on the first page or cover of any document produced;

      b.     By imprinting the word "Confidential" or "Confidential – Attorneys' Eye Only" next to or above any response to a discovery request; and

      c.     With respect to transcribed deposition or other testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Confidential – Attorneys' Eyes Only" no later than ten (10) business days after receipt of the transcribed testimony.

4.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.     It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

2

      b.     It shall not be communicated or disclosed by any Party's counsel or Party in any manner, either directly or indirectly, to anyone except fo purposes of this case and unless an affidavit in the form of Exhibit A ha been signed.

5.     Individuals who are authorized to review Confidential Information pursuant t this Protective Order are limited to (a) the Parties to this action, including designate representatives for the entity defendants; (b) undersigned counsel for the parties; (c) person regularly employed or associated with undersigned counsel whose assistance is required by sai attorneys in the preparation for trial, at trial, or at other proceedings in this case; (d) any retaine experts; and (e) other persons by written agreement of the parties. These authorized person shall hold all Confidential Information in confidence and shall not divulge the Confidentia Information, either verbally or in writing, to any other person, entity or government agenc unless authorized to do so by Court Order.

6.     A party's counsel who discloses Confidential Information to a retained exper shall be responsible for assuring compliance with the terms of this Protective Order by an retained experts to whom such Confidential Information is disclosed and shall obtain and retai the original affidavits signed by the retained experts agreeing to maintain the confidentiality o Confidential Information, and shall maintain a list of all experts to whom any Confidentia Information is disclosed.

7.     During the pendency of this action, opposing counsel may upon Court Order o agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 abov upon showing of substantial need in order to establish the source of an unauthorized disclosur

of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may request that the Court disallow inspection, or allow inspection under terms and conditions deemed appropriate by the Court. The party requesting inspection of the list shall bear the burden of establishing substantial need.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes and for review by individuals listed in paragraph 5 above. Any such copies shall be made and used solely for purposes of this litigation. During the pendency of this litigation, counsel and other individuals listed in paragraph 5 above may retain custody of any Confidential Information disclosed, and any copies made therefrom.

9.      A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective

Order.   In connection with a motion filed under this provision, the party designating th

information as Confidential Information shall bear the burden of establishing that good caus

exists for the disputed information to be treated as Confidential Information.

10.   In the event it is necessary for the Parties to file Confidential Information with th

Court in connection with any proceeding or motion, the Confidential Information shall be filed i

accordance with the requirements of D.C.COLO.LCiv.R 7.2 and 7.3.

11.   The termination of this action shall not relieve counsel or other persons obligate

hereunder from their responsibility to maintain the confidentiality of Confidential Informatio

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce th

terms of this Protective Order, even after this action is terminated.

12.   By agreeing to the entry of this Protective Order, the Parties adopt no position a

to the authenticity or admissibility of documents produced subject to it.   Neither the taking o

any action in accordance with the provisions of this Protective Order, nor the failure to objec

thereto, shall be construed as a waiver of any claim or defense in this action.

13.   Upon termination of this litigation, including any appeals, each Party's counse

and all other individuals listed in paragraph 5 above, shall immediately return to the producin

party all Confidential Information provided pursuant to the terms of this Protective Order.

14.   Nothing in this Protective Order shall preclude any Party from filing a motio

seeking further or different protection from the Court under Rule 26(c) of the Federal Rules o

Civil Procedure, or from filing a motion with respect to the manner in which Confidentia

Information shall be treated at trial.

5

DATED at Denver, Colorado, this 1ˢᵗ day of May, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge